UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CHERYL AVERILL, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 2:17-cv-00287-JDL |
| JOSEPH FIANDACA, JR., | ) ) ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S MOTION TO REMAND**

In this action, Plaintiff seeks to recover unpaid wages and liquidated damages for work she performed in support of Defendant's coastal fishing business, compensatory damages for assault and battery and the intentional infliction of emotional distress. (Complaint, ECF No. 1-1.) She also requests title to a pickup truck. (*Id*.) Plaintiff filed in state court on June 16, 2017; Defendant removed the matter to this Court. (Notice of Removal, ECF No. 1.)

The matter is before the Court on Plaintiff's Second Motion to Amend Scheduling Order and Motion to Remand to State Court. (ECF No. 13). Following a review of the pleadings, and after consideration of the parties' arguments, I recommend the Court grant in part the motion, remand the matter to state court, and deny Plaintiffs' request for fees and costs.

**BACKGROUND**

In her complaint, Plaintiff alleges that Defendant, a self-employed lobsterman and landlord, breached his agreement to pay Plaintiff a percentage of his fishing revenue in

exchange for services she provided to his business operations. Plaintiff asserts that she managed Defendant's rental property, organized and maintained Plaintiff's business records, built lobster traps, worked as a crew member on Defendant's fishing boat, and transported material for Defendant. (Complaint ¶¶ 14, 15, 20, 46.) Plaintiff alleges that after the party's relationship ended, Defendant did not compensate Plaintiff for her services as he agreed. (*Id.* ¶ 55.)

Through this action Plaintiff seeks equitable title to a pickup truck, unpaid wages and liquidated damages pursuant to 26 M.R.S. § 626, unjust enrichment and/or quantum meruit damages in the alternative, and compensatory damages for assault and battery and the intentional infliction of emotional distress.

Defendant filed a notice of removal on July 31, 2017, following service of the complaint on July 12, 2017.[1] (Notice of Removal ¶¶ 1 – 2.) Citing 28 U.S.C. §§ 1331 and 1333, Defendant asserts the action is properly removed because Plaintiff seeks compensation for services provided as a crew member on Plaintiff's lobster boat. (*Id.* ¶¶ 3, 9.)[2] Plaintiff moved for remand on August 22, 2017.[3] (ECF No. 13.)

---

[1] Title 28 U.S.C. § 1446(b) permits removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

[2] At all times relevant to the jurisdictional inquiry, both parties were domiciled in the State of Maine. (Notice of Removal ¶¶ 7, 8.)

[3] Title 28 U.S.C. § 1447(c) requires that a motion to remand be filed "within 30 days after the filing of the notice of removal." However, a party may request remand based on the lack of subject matter jurisdiction, at any time. *Id.*

## DISCUSSION

**A.     Standard of Review**

The removing party bears the burden of establishing that removal was proper. *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999). "Jurisdiction is normally ascertained from the face of the state court complaint that triggered the removal." *Id.* The language of the removal statute is strictly construed, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941), and ambiguity concerning the basis of removal jurisdiction favors remand, *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 11 (1st Cir. 2004).

**B.     Removal and Remand**

Title 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Defendant argues this Court has original jurisdiction over this action because Plaintiff seeks to recover unpaid wages earned, in part, for services provided to a commercial fisherman. According to Defendant, such a claim is in the nature of a maritime claim, and thus at least one of Plaintiff's claims is within the original jurisdiction of this Court, either because the claim presents a federal question for purposes of 28 U.S.C. § 1331, or because it is an admiralty or maritime claim for purposes of 28 U.S.C. § 1333. Defendant's arguments are unpersuasive.

### 1. *Federal question jurisdiction*

Title 28 U.S.C. § 1331 provides that the district courts of the United States "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Even if Plaintiff's claim for wages could be construed, in whole or in part, as a seaman's claim for breach of a maritime contract, "the Supreme Court has held that general maritime claims … do not present federal questions for purposes of Section 1331." *Stemmle v. Interlake Steamship Co.*, 198 F. Supp. 3d 149, 159 (E.D.N.Y. 2016). *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001) ("[T]o define admiralty jurisdiction as federal question jurisdiction would be a 'destructive oversimplification of the highly intricate interplay of the States and the National Government in their regulation of maritime commerce.'") (quoting *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 373 (1959)). Because a maritime claim does not present a federal question for jurisdictional purposes, Plaintiff's claim is not within the Court's federal question jurisdiction.

### 2. *Admiralty / maritime jurisdiction*

Title 28 U.S.C. § 1333 provides in relevant part:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
> ….

The mere fact that a plaintiff asserts a claim for wages that might have been earned upon a vessel does not necessarily invoke the federal court's admiralty jurisdiction. *Rafter v.*

*Stevenson*, 680 F. Supp. 2d 275, 278 – 80 (D. Me. 2010). Such a plaintiff is not required to seek the remedies provided by maritime or admiralty law. To the contrary, courts have recognized that the "saving-to-suitors" clause in section 1333(1) preserves the right of a claimant to pursue non-federal claims and remedies in state court, provided the proceedings do not involve an *in rem* action against a vessel.[4] *Barglowski v. Nealco Int'l LLC*, No. 1:16-cv-00209, 2016 WL 5107043, at *8 (D. Haw. Sept. 20, 2016). *See also MT Baltic Commander Schiffahrtsgesellschaft MBH & Co. KG v. Mass. Port Authority*, 918 F. Supp. 2d 105, 109 & n.3 (D. Mass. 2013) ("[T]he saving-to-suitors clause specifically envisages those situations in which a claimant might bring a claim in a state court of common law jurisdiction.") Here, Plaintiff has asserted only state law claims. Her claims, therefore, are not within the Court's exclusive admiralty jurisdiction, and thus Plaintiff's claim is not removable pursuant to 28 U.S.C. § 1441(a). *Id.* at *7 – 8; *Coronel v. AK Victory*, 1 F. Supp. 3d 1175, 1187 – 88 (W.D. Wash. 2014).[5]

---

[4] An *in rem* proceeding against a vessel lies within the admiralty court's exclusive jurisdiction. *Am. Dredging Co. v. Miller*, 510 U.S. 443, 446 – 47 (1994).

[5] In 2011, Congress amended 28 U.S.C. § 1441. Federal Courts Jurisdiction and Venue Clarification Act of 2011, Publ. L. No. 112-63, § 103, 125 Stat. 758, 759 (2011). The prior language of section 1441 provided, in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(b) (emphasis supplied). The new language omits the italicized provision and separately provides for removal in diversity cases. Some district courts in the Fifth Circuit have determined that the amendment effectively makes all cases involving maritime claims removable. *See Gregoire v. Enterprise Marine Servs., Inc.*, 38 F. Supp. 3d 749, 763 & nn. 59 – 60 (E.D. La. 2014) (collecting cases). The general consensus appears to be to the contrary and, moreover, that any arguable ambiguity should be resolved in favor of remand. *Id.*; *Coronel*, 1 F. Supp. 3d at 1187 – 88; *Barglowski*, 2016 WL 5107043, at *7 – 8;

Defendant nevertheless argues that a contrary conclusion is compelled by the Supreme Court's decision in *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995). In *Grubart*, the Supreme Court considered whether the federal district court had maritime jurisdiction over a tort action related to pile-driving activity performed by Great Lakes Dredge & Dock Company, in the Chicago River. *Grubart* is distinguishable given that it involved alleged negligence on navigable waters. Federal law provides that admiralty jurisdiction extends to "all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land." *Id.* at 532 (quoting 62 Stat. 496 (1948), currently codified, as amended, at 46 U.S.C. § 30101). Plaintiff's relevant claims are not tort claims.[6] Furthermore, Plaintiff's claims do not involve damage or injury caused by a vessel. Instead, Plaintiff has asserted state law legal and equitable claims related to contracts and quasi-contracts.

Admiralty jurisdiction over contract claims is determined based on a line of Supreme Court cases, as discussed in *Norfolk Southern Railway Company v. Kirby*, 543 U.S. 14 (2004), *Kossick v. United Fruit Company*, 365 U.S. 731 (1961), and related

---

*Gonzalez v. Red Hook Container Terminal LLC*, No. 1:16-cv-05104, 2016 WL 7322335, at *4 (E.D.N.Y. Dec. 15, 2016); *Bartman v. Burrece*, No. 3:14-cv-00080, 2014 WL 4096226, at *3-4 (D. Alaska Aug. 18, 2014). In short, these courts agree that simply because a plaintiff could seek relief in admiralty, it does not follow that her "saved" state law claims are within the admiralty court's original jurisdiction. As observed in *Coronel*, "by definition, a party cannot bring a claim in admiralty in state court." 1 F. Supp. 3d at 1187.

[6] To the extent Plaintiff has asserted tort claims, the claims (assault and battery and the intentional infliction of emotional distress) do not involve maritime activity.

precedent.[7] "The boundaries of admiralty jurisdiction over contracts" is "conceptual rather than spatial," and is "difficult to draw." *Kirby*, 543 U.S. at 23 (quoting *Kossick*, 365 U.S. at 735). However, as a general rule, a claim for unpaid wages earned on a ship at sea can be asserted in admiralty, because admiralty jurisdiction exists over a contract dispute when the contract "has reference to maritime service or maritime transactions." *Id.* at 24.

Ultimately, the question for the Court is not whether Plaintiff could have filed her action in this Court by asserting one of her claims in admiralty; the question is whether, given Plaintiff's decision not to invoke the Court's admiralty jurisdiction in accordance with the saving to suitors clause of 28 U.S.C. § 1331, Defendant may nonetheless require Plaintiff to litigate her state law claims in this Court. As discussed above, the saving-to-suitors clause permits Plaintiff to elect to pursue state law remedies in state court. In this case, Plaintiff seeks to recover for unpaid wages under state law. Because Defendant has not suggested Plaintiff's state law claims are subject to any federal statute that precludes Plaintiff's election, remand is appropriate.[8]

---

[7] In *Kirby*, the Supreme Court held that federal maritime law governs whether a limitation on liability contained in a bill of lading subject to the Carriage of Goods by Sea Act applies to downstream, land-based carriers, and not just to upstream ocean carriers. 543 U.S. at 28 ("Applying state law to cases like this one would undermine the uniformity of general maritime law."). In *Kossick*, the Court held that a seaman could avoid application of the New York statute of frauds to his oral contract claim by pursuing a contract remedy in admiralty, where oral contracts are recognized, and where the claim arose from the ship owner's alleged promise to assume responsibility for any improper treatment provided at a New York hospital. 365 U.S. at 742. Due to the existence of diversity jurisdiction, however, neither case involved a challenge to the district court's jurisdiction. Instead, the issue was whether federal maritime law would supply the rule of decision in matters that were otherwise appropriately filed in federal court.

[8] In order for a federal statute to preempt a state law claim, the Court would need to find that the statute "entirely displaces the local-law causes of action pleaded in the complaint." *Lopez-Munoz v. Triple-S Salud, Inc.*, 754 F.3d 1, 5 (1st Cir. 2014). Defendant has not identified any federal statute that displaces the state law that governs Plaintiff's claims.

**C.     Fees and Costs**

Plaintiff requests an award of attorney fees and costs pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Under the 2011 amendment of the removal statute, which amendment is discussed, *supra*, in footnote 5, some district courts within the Fifth Circuit have permitted removal. The amendment arguably created some ambiguity as to whether removal was appropriate. Other courts that have considered the issue of a fee-shifting award have concluded that uncertainties surrounding the issue are cause enough to deny such an award. *Gonzalez v. Red Hook Container Terminal LLC*, No. 1:16-cv-05104, 2016 WL 7322335, at *407 – 408 (E.D.N.Y. Dec. 15, 2016); *Helford v. Cheyenne Petroleum Co.*, No. 3:14-cv-04539, 2015 WL 5771835, at *4 (Aug. 6, 2015), *report and recommendation adopted*, 2015 WL 5771915 (N.D. Tex. Sept. 30, 2015). Under the circumstances, an award of fees and costs is not warranted.[9]

**CONCLUSION**

Based on the foregoing analysis, I recommend the Court grant in part Plaintiff's Second Motion to Amend Scheduling Order and Motion to Remand to State Court, remand the action to state court, and deny Plaintiff's request for an award of fees and costs. (ECF No. 13.)

---

[9] In *Rafter*, upon which Plaintiff relies, the Court (*Hornby, J.*) awarded fees and costs based on a finding that the defendant "lacked an 'objectively reasonable basis' for removing th[e] case to federal court and resisting the remand." 680 F. Supp. 2d at 281 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Notably, *Rafter* was decided before the 2011 amendment to the removal statute.

8

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of October, 2017.