# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| CHERYL AVERILL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:17-cv-00287-JDL |
| | ) | |
| JOSEPH FIANDACA, JR., | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

On October 5, 2017, I recommended the Court grant Plaintiff's motion to remand, but deny Plaintiff's request for an award of attorney fees and costs. (Recommended Decision, ECF No. 21.) Plaintiff seeks reconsideration of the decision. (ECF No. 22.) Through the motion, Plaintiff asks for reconsideration of the decision to deny her request for an award of attorney fees and costs. I deny Plaintiff's motion.

**Discussion**

To be entitled to "reconsideration," Plaintiff must demonstrate (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Corp.*, 121 F. Supp. 3d 201, 217 (D. Me. 2015).

Although I concluded that Defendant failed to establish that removal was proper, I determined that under the circumstances in this case, an award of fees to Plaintiff under 28 U.S.C. § 1447(c) was not warranted because the 2011 amendment of the removal statute "arguably created some ambiguity as to whether removal was appropriate."

(Recommended Decision at 8; *see also id.* n.5.) Plaintiff contends that fees and costs should be awarded in accordance with the order of remand in *Rafter v. Stevenson*, 680 F. Supp. 2d 275, 281 (D. Me. 2010). Plaintiff maintains that the award is appropriate because the Court, and not Defendant, first identified the arguable basis for removal.

The removal statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award under the provision is not automatic in the event a court orders remand. Rather, an award is appropriate only if a court finds "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id. See also Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000) ("The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case." (cited with approval in *Martin*)).

That Defendant did not cite the fact that some district courts have permitted removal under the 2011 amendment to the removal statute was a known fact when I issued the Recommended Decision. Plaintiff's request for reconsideration, therefore, is not based on new evidence, an intervening change in the law, or a clear error or manifest injustice. Furthermore, the fact that Defendant did not cite the 2011 amendment is not inconsistent with the determination that an objectively reasonable basis for removal existed.

As to Plaintiff's argument that this Court's decision in *Rafter* compels a contrary determination, as noted in the Recommended Decision (Recommended Decision at 8 n.9),

*Rafter* was decided before the 2011 amendment to the removal statute. In addition, the authority to award fees and costs pursuant to 28 U.S.C. § 1447(c) is permissive and thus discretionary. *Martin*, 546 U.S. at 141 (noting that "courts *may* award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal" (emphasis added)); *Am. Airlines, Inc. v. Sabre*, *Inc*., 694 F.3d 539, 541 – 42 (5th Cir. 2012). Plaintiff's argument that the Court's decision in *Rafter* requires a different result is unpersuasive.

## Conclusion

Based on the foregoing analysis, I deny Plaintiff's motion for reconsideration.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of November, 2017.